IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NEIL PAUL NOBLE, §<br>    #24009702, §<br>        PETITIONER, §<br>  §<br>v. §<br>  §<br>DIRECTOR, TDCJ-CID, §<br>        RESPONDENT. § | CIVIL CASE NO. 3:24-CV-1376-L-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On June 5, 20024, Petitioner Neil Paul Noble, a Dallas County Jail inmate, filed a pro se federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 3. As detailed here, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

### I. BACKGROUND

In 2018, Noble was indicted for stalking. After twice being found incompetent to stand trial, he was subsequently declared competent and found guilty by a jury of stalking. Noble then entered into a plea agreement as to punishment and, on May 3, 2021, was sentenced to ten years in prison, probated for four years. *State v. Noble*, No. F18-45998 (Crim. Dist. Court No. 4,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Dallas Cnty., May 3, 2021).  The Fifth Court of Appeals affirmed Noble's pro se appeal and the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review, which challenged only the ankle-monitor condition of his bail.  *Noble v. State*, No. 05-21-00326-CR, 2022 WL 17351908, at *1 (Tex. App.—Dallas, Dec. 1, 2022, pet. ref'd), *cert. denied*, 143 S. Ct. 2497 (2023), *reh'g denied*, 144 S. Ct. 40 (2023); *Noble v. State*, No. PD-0021-23 (Tex. Crim. App. Feb. 22, 2023) (petition for discretionary review refused).  On September 29, 2023, the trial court revoked Noble's community supervision (probation) and sentenced him to 10 years' imprisonment.  *Noble*, No. F18-45998.

Online state court dockets confirm that Noble never filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure on the required form.  However, on August 22, 2023, *before* his probation was revoked, Noble filed a pro se pleading in the trial court that mentioned both art. 11.072 and article 11.07.  Although the pleading was not filed on the required form, it was assigned a writ number and the state filed a response requesting that it be denied.  *State v. Noble*, No. W18-45998.  Noble filed many pro se requests and the state district clerk eventually transmitted the construed writ to the TCCA on May 15, 2024, but the docket sheet for that court shows "clerk record rejected" and "no action taken" by the TCCA.  *Noble*, No. W18-45998.[2]

On June 5, 2024, Noble filed this federal habeas petition along with a lengthy memorandum in support (over 190 pages).  Doc. 3; Doc. 6; Doc. 7; Doc. 8; Doc. 9; Doc. 10.  He raises 16 grounds, many of which he also raised in his direct state appeal.  Having now reviewed

---

[2] Online dockets for the Texas Court of Criminal Appeals and the Dallas County district court are available at these links:  https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c and https://www.dallascounty.org/services/record-search/ (last accessed on June 11, 2024).

all of the applicable pleadings and law, the Court concludes that Noble's petition is unexhausted and should be dismissed without prejudice.[3]

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Courts may consider the exhaustion requirement *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise

---

[3] Noble has not paid the filing fee or filed a motion proceed *in forma pauperis*. Because Noble's petition should be summarily dismissed, the Court does not require compliance with its filing requirements.

*sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Noble has not satisfied the exhaustion requirement. His § 2254 petition and applicable online records confirm that (1) Nobel's petition for discretionary review challenged only the ankle-monitor condition of his bail, not the other claims subsequently raised here and on direct appeal, and (2) Noble filed no art. 11.07 writ challenging either the 2021 judgment of conviction and probated sentence or the 2023 judgment revoking his community supervision. Noble filed only a *pro se* writ in August 2023—*before* his community supervision was revoked—that mentioned both article 11.072 and article 11.07 and was not filed on the 11.07 court approved form. The TCCA eventually declined to take any action on the construed writ, as noted. Thus, the TCCA has not had an opportunity to consider Noble's claims and they remain unexhausted.

### III.  CONCLUSION

For these reasons, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[4]

**SO RECOMMENDED** on July 2, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to any habeas petition that has been or will be filed in this court. *See* 28 U.S.C. § 2244(d).

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).