IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NEIL PAUL NOBLE,** §<br> **#24009702** §<br> Petitioner, §<br> §<br>v. §<br> §<br>**DIRECTOR, TDCJ-CID**, §<br> §<br> §<br> §<br> Respondent. § | Civil Action No. **3:24-CV-1376-L-BK** |

## ORDER

On July 2, 2024, United States Magistrate Judge Renee Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17), recommending that the court dismiss without prejudice *pro se* Petitioner Neil P. Noble's ("Petitioner") writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 3). The Report recommends that the court dismiss the Petition because Petitioner failed to exhaust his state court remedies. Report 1 (citing *Rule 4(b) of the Rules Governing Section 2254 Proceedings*).

Petitioner filed an Objection to the Report recommending dismissal of his Petition and asserted: (1) that the Report incorrectly stated that the Petitioner only filed one petition for discretionary review to the Texas Court of Criminal Appeals; and (2) that exhaustion of state habeas remedies is not a jurisdictional prerequisite, and may be waived by the state, which he argues the Texas Court of Criminal Appeals has effectively done. Doc. 19 at 5.

As to Petitioner's objection that the Report incorrectly stated that he only filed one petition for discretionary review with the Texas Court of Criminal Appeals, he is mistaken. The Report acknowledges both filings, and it notes that the Texas Court of Criminal Appeals docket "shows clerk record rejected" and "no action" taken by the Texas Court of Criminal Appeals. The Report

Order – Page 1

acknowledges that the Texas Court of Criminal Appeal refused the second petition for discretionary review. Petitioner is further mistaken because the Report finds that the challenge in question was not filed on the required 11.07 court-approved form. Report 4.  Finally, the Report correctly states that the Petitioner has not exhausted all of his state remedies. Because Petitioner does not provide any support for his objection to the Report, and the court can find none, the court **overrules** this objection.

As to the objection that exhaustion of state habeas remedies is not a jurisdictional prerequisite and that the Texas Court of Criminal Appeals has waived it, Petitioner has failed to show that the State has waived the exhaustion requirement. (Doc. 19) (citing *Earhart v. Johnson,* 132 F.3d 1062 (5th Cir. 1998). Additionally, even if Petitioner presented evidence of waiver, the Fifth Circuit has held that "[t]he district court, however, need not accept a state's waiver of the exhaustion requirement" and that the district court may "reject a waiver in the interests of comity" in use of its discretion. *Earhart v. Johnson,* 132 F.3d 1062, 1065 (5th Cir. 1998). Because Petitioner does not provide any support for his objection and because the court has discretion to accept the waiver if there were one, the court **overrules** this objection.

Having reviewed the Motion, objections, record, Report, and applicable law, and having conducted a de novo review of the portions of the Report to which Objections were made, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, and **accepts** them as those of the court. Accordingly, Petitioner's objection (Doc. 19) is **overruled**, and his petition for writ of habeas corpus (Doc. 3) is **denied**, and this action is **dismissed without prejudice.**

The court also prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this certification, the court **accepts and incorporates** by reference the Report.  *See Baugh v. Taylor*, 117 F.3d 197,

Order – Page 2

202 and n.21 (5th Cir. 1997).  Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.  *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 12th day of September, 2024.

                                             Sam A. Lindsay
                                             United States District Judge